1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JANAVI SHARMA,                              No.  2:20-cv-944-TLN-EFB PS

12                  Plaintiff,

13          v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   PRESIDENT DONALD J. TRUMP, et al.,

15                  Defendants.

16

17

18          Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His

19   declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.

20   Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

21          Determining that plaintiff may proceed *in forma pauperis* does not complete the required

22   inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

23   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

24   which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed

25   below, plaintiff's complaint must be dismissed for failure to state a claim and lack of subject

26   matter jurisdiction.

27   _____

28          [1]  This case, in which plaintiff is proceeding *in propria persona*, was referred to the
     undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

                                                   1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2  520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

3  fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4  *Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5  (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7  a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8  relief above the speculative level on the assumption that all of the complaint's allegations are

9  true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of

10  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

11  theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12    Under this standard, the court must accept as true the allegations of the complaint in

13  question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the

14  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

15  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading

16  requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a

17  complaint to include "a short and plain statement of the claim showing that the pleader is entitled

18  to relief, in order to give the defendant fair notice of what the claim is and the grounds upon

19  which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

20    Plaintiff names as defendants "President Donald J. Trump, First Lady Melania Trump,

21  Donald Trump's grown children and in-law children in the White House and outside the White

22  House excluding Miss Tiffany Ariana Trump, Donald J. Trump Campaign, Donald J. Trump

23  Administration, and GOP." ECF No. 1. The complaint alleges that plaintiff has observed Donald

24  Trump "depriving people of money so the public is forced to elect him under due pressure" and

25  "threaten his political opponents" with hefty lawsuits, and mislead the public by making false

26  statements. *Id*. at 12. Plaintiff also alleges President Trump has failed to protect the public

27  during the current Covid-19 pandemic and violated the constitution by conducting government

28  affairs at his personal residence. *Id*. The complaint purports to assert claims under 42 U.S.C.

§ 1983, the Voting Rights Act, 52 U.S.C. §§ 10101 *et seq*., and numerous criminal statutes in Title 18 of the United States Code.[2]

The complaint's allegations only address Donald Trump.  No acts or failures to act are alleged as to the other named defendants and consequently, plaintiff fails to state a claim against the other defendants.

The claims against President Trump—which are supported only by vague generalized allegations—must also be dismissed.  First, plaintiff purport to sue under section 1983.  Section 1983 does not impose civil liability on a federal actor, such as the president.  *See Russell v. U.S. Dept. of the Army*, 191 F.3d 1016, (9th Cir. 1999) ("Section 1983, however, provides no right of action against federal (rather than state) officials.").  52 U.S.C. § 10101 of the Voting Rights Act also does not provide plaintiff with a private right of action.  *See* 52 U.S.C. § 10101(c) ("the Attorney General may institute for the United States, or in the name of the United States, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order").  Likewise, plaintiff cannot state a claim under the various criminal statutes that he cites because they do not provide a private right of action.  *See, e.g., Clinton v. Jones*, 520 U.S. 681, 718 (1997) (holding that "criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."); *Allen v. Gold Country Cascino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

But more significantly, the complaint's allegations demonstrate that plaintiff lacks standing to assert his claims.  The requirement that a party have "standing" to bring an action is part of the case-or-controversy provision of Article III of the Constitution.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  To have standing, three elements must be satisfied:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly … trace[able] to the

---

[2] Specifically, plaintiff alleges violations of 18 U.S.C. §§ 111, 201, 241, 242,  245, 246, 247, 371, 594, 595, 599, 600, 601, 606, 1505, 2101, 2381, 2382, 2384, 2385, 2386.

1
2
3

> challenged action of the defendant, and not ... th[e] result [of]
> independent action of some third party not before the court. Third it
> must be likely as opposed to merely speculative that the injury will
> be redressed by a favorable decision.

4   *Id*. at 560-61 (internal citations and quotation marks omitted).

5       Plaintiff does not allege that he sustained a personal injury that is fairly traceable to

6   defendant.  Instead, he merely claims that President Trump's actions have harmed the nation and

7   its citizens.  Such a generalized grievance is insufficient to confer standing.  *See id*. at 576 ("[A]

8   plaintiff raising only a generally available grievance about government—claiming only harm to

9   his and every citizen's interest in proper application of the Constitution and laws, and seeking

10  relief that no more directly and tangibly benefits him than it does the public at large—does not

11  state an Article III case or controversy."); *Allen v. Wright*, 468 U.S. 737, 754 (U.S.) ("[A]n

12  asserted right to have the Government act in accordance with law is not sufficient, standing alone,

13  to confer jurisdiction on a federal court.").  Thus, plaintiff lacks standing to pursue his claims.

14      Accordingly, plaintiff's complaint must be dismissed for failure to state a claim and lack

15  of subject matter jurisdiction.  Furthermore, it appears from the complaint that granting plaintiff

16  leave to amend would be futile given the jurisdictional deficiency.  *See Noll v. Carlson*, 809 F.2d

17  1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend,

18  leave to amend should not be granted where it appears amendment would be futile).  Even if

19  plaintiff were able to allege a personal injury traceable to President Trump's conduct, plaintiff's

20  challenge would still amount to little more than a generalized grievance, which cannot be

21  adjudicated in this court.  *See Valley Forge Christian Coll. v. Ams. United for Separation of*

22  *Church & State, Inc.*, 454 U.S. 464, 475 (1982) ("[E]ven when the plaintiff has alleged

23  redressable injury sufficient to meet the requirements of Art. III, the Court has refrained has

24  refrained from adjudicating abstract questions of wide public significance which amount to

25  generalized grievances, pervasively shared and most appropriately addressed in the representative

26  branches") (citation and quotation omitted).

27      Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma*

28  *pauperis* (ECF No. 2) is granted.

1    Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to

2    amend, and the Clerk be directed to close the case.

3    These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8    within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10   DATED:  September 3, 2020.

11

12                                 EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28